1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   NANCY HABIBI,                                    CASE NO. 08cv461 JLS (POR)

12                              Plaintiff,            **ORDER (1) OVERRULING**
                                                      **PLAINTIFF'S OBJECTIONS; (2)**
13                                                    **ADOPTING MAGISTRATE**
          vs.                                         **JUDGE PORTER'S REPORT AND**
14                                                    **RECOMMENDATION; (3)**
                                                      **DENYING PLAINTIFF'S MOTION**
15                                                    **FOR SUMMARY JUDGMENT; and**
                                                      **(4) GRANTING DEFENDANT'S**
16   COMMISSIONER OF THE SOCIAL                       **CROSS-MOTION FOR**
     SECURITY ADMINISTRATION,                         **SUMMARY JUDGMENT.**
17
                              Defendant.              (Doc. Nos. 13, 16 & 20.)
18

19        Presently before the Court is Nancy Habibi's ("plaintiff") complaint pursuant to section 205(g)

20   of the Social Security Act requesting judicial review of the final decision of the Commissioner of the

21   Social Security Administration ("defendant") regarding the denial of plaintiff's claim for disability

22   insurance and supplemental security income benefits.  (Doc. 1.)  In plaintiff's motion for summary

23   judgment filed on December 17, 2008, plaintiff contends that the Administrative Law Judge ("ALJ")

24   erred in (1) determining she could return to her past relevant work and (2) rejecting plaintiff's treating

25   physicians' opinions of her limitation.  (Doc. No. 13.)  Defendant filed a cross-motion for summary

26   judgment on February 10, 2009.  (Doc. No. 16.)

27        The matter was referred to United States Magistrate Judge Louisa S. Porter, pursuant to 28

28   U.S.C. § 636(b)(1) and Local Rule 72.1(d).  On August 7, 2009, Magistrate Judge Porter issued a

1   Report and Recommendation ("R&R"), concluding that this Court should deny plaintiff's motion for

2   summary judgment and grant defendant's cross-motion for summary judgment.  (Doc. No. 20.)

3   Plaintiff timely filed objections to the R&R on September 1, 2009.  (Doc. No. 21.)

4        Having considered the R&R and plaintiff's objections, this Court (1) overrules plaintiff's

5   objections; (2) adopts Magistrate Judge Porter's Recommendation and Report; (3) denies plaintiff's

6   motion for summary judgment; and (4) grants defendant's cross-motion for summary judgment.

7                                                **BACKGROUND**

8        Magistrate Judge Porter's R&R contains a detailed factual and procedural background,

9   citing the Administrative Record in the case.  Plaintiff makes no specific objection to these

10  summaries.  Thus, this Order incorporates by reference the facts and procedural history as set forth

11  in the R&R.

12                                            **LEGAL STANDARDS**

13       **A.  Review of the Report and Recommendation**

14       Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the

15  duties of the district court in connection with a magistrate judge's report and recommendation.

16  "The district court must make a *de novo* determination of those portions of the report . . . to which

17  objection is made," and "may accept, reject, or modify, in whole or in part, the finding or

18  recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); *see also United States v.*

19  *Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

20       **B.  Review of Denial of Disability Claim**

21       In order to qualify for disability benefits under the Social Security Act, applicants must

22  show that they are "disabled" as defined by the statute.  42 U.S.C. §§ 423(d)(1)(A), (2)(A) (West

23  Supp. 2008).  To prove a disability, the applicant must show two things: (1) the applicant suffers

24  from a medically determinable impairment that can be expected to last for a continuous period of

25  twelve months or more, or would result in death; and (2) the impairment renders applicant

26  incapable of performing the work they previously performed or any other substantially gainful

27  employment that exists in the national economy.  *Id.*  To guide a determination of whether a

28  claimant meets this showing, the Social Security regulations outline a five-step process in 20

C.F.R. § 404.1520.  The applicant bears the burden of proof for the first four steps and must prove that: (1) plaintiff is not presently working in a substantially gainful activity; (2) plaintiff's impairment is severe; (3) the impairment meets or is equal to one of the specific impairments in the regulations; and (4) plaintiff is not able to do any relevant work that he or she has done in the past.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  If the plaintiff establishes those four steps, the burden shifts to the Commissioner to prove the fifth step, which is that the claimant is able to do other work and therefore not "disabled." *Id.*

An applicant whose claims have been denied may seek judicial review of the Commissioner's final agency decision pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act.  In reviewing the decision, the district court reverses the Commissioner only if "it is based upon legal error or is not supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion[,]" considering the record as a whole.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  There must be "more than a mere scintilla but less than a preponderance[]" of evidence.  *Tidwell*, 161 F.2d at 601.

"'The court must consider both evidence that supports and the evidence that detracts from the ALJ's conclusion . . . .'" *Frost v. Barnhart*, 314 F.3d 359, 366-67 (9th Cir. 2002) (quoting *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)).  If the evidence reasonably supports the administration's determination, then the court may not substitute its own judgment.  *Flaten v. Sec'y Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decisions.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Finally, the Court will not reverse an ALJ's decisions if its finds harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006))

//.

**DISCUSSION**

**A.  Past Relevant Work**

In her motion for summary judgment, plaintiff alleges that the ALJ erred in Step 4 by determining that she could return to her past relevant work.  (Doc. No. 13 at 9-17.)  Specifically, plaintiff argues that the ALJ's decision failed to ascertain the specific demands of plaintiff's past work as a sales and file clerk, and, therefore, the ALJ inaccurately evaluated her ability to continue to work given her physical limitations.  (*Id.*)

To determine whether plaintiff has the capacity to perform past relevant work, the ALJ must assess both the actual functional demands and duties of the past relevant job and the functional demands and duties of the job as typically required by employers throughout the nation. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  To determine the work as generally performed in the national economy, the ALJ refers to the Dictionary of Occupational Titles ("DOT").  *Id.* at 845.  To determine the work actually performed by plaintiff in the course of her past relevant work, the ALJ may consider plaintiff's testimony and expert vocational reports.  *Id.* The ALJ then compares these sources with plaintiff's residual functional capacity ("RFC") to determine whether plaintiff could perform her past relevant work as actually and generally performed.  A plaintiff's RFC is the *most* a claimant can do despite her limitations.[1]  20 C.F.R. § 404.1545.

In this case, Magistrate Judge Porter found that "based on Plaintiff's RFC, Plaintiff's testimony, the vocational report, and the Dictionary of Occupational Titles . . . the ALJ properly determined Plaintiff could perform her past relevant work of sales clerk and file clerk as actually and generally performed."  (R&R at 15.)  Magistrate Judge Porter, however, conceded that the ALJ erred by failing to address whether plaintiff's previous work as a sales clerk constituted substantial gainful activity and "never concluded Plaintiff had sufficient time to learn the techniques, acquire the information, and develop the facility needed for average performance on the job."  (R&R at 16 (citing Social Security Ruling 82-62.)  But, Magistrate Judge Porter went on

---

[1] In this case, the ALJ found that plaintiff had the RFC to "lift/carry 20 pounds occasionally, lift/carry 10 pounds frequently, stand/walk for 6 hours of an 8 hour day, and set for 6 hour of an 8 hour day with no above-the-shoulder activity with the dominant right arm." (R&R at 12 (citing AR 189).)

1    to find that "any error the ALJ made in finding Plaintiff could do her past relevant work was . . .

2    'inconsequential to the ultimate nondisability determination[,]'" and therefore harmless.  (R&R at

3    16 (citing *Robbins*, 466 F.3d at 885).)

4         Plaintiff filed an objection to Magistrate Judge Porter's finding, contending that the R&R

5    failed to address plaintiff's argument that "the ALJ failed to address the demands of plaintiff's past

6    work, failed to obtain a valid DOT number for the position of file clerk, failed to question the

7    vocational expert regarding conflicts between her testimony and the DOT."  (Pl. Obj. to R&R at

8    iv-v.)  Essentially, plaintiff asserts that the DOT number for file clerk did not adequately reflect

9    the actual need for plaintiff to use her injured shoulder when "reaching and handling items in the

10   position of file clerk," as established by her testimony and the vocational expert report.  Plaintiff

11   therefore objects because the ALR did not address this apparent conflict between her actual duties

12   and those established by the DOT score for file clerk.  The Court finds this objection unpersuasive.

13        Plaintiff cites *Massachi v. Astrue* for the proposition that the ALR had an affirmative duty

14   to ask the vocational expert about this alleged conflict between the expert's report and the DOT

15   score for file clerk.  486 F.3d 1149, 1153 (9th Cir. 2007).  Reviewing *Massachi*, however, it is

16   clear that the ALJ only has an affirmative duty to inquire into any possible conflicts, and "whether

17   the vocational expert's explanation for the conflict is reasonable," after it determines that a conflict

18   does in fact exist.  *Id.*  Here, because the ALJ did not address the conflict, it may be presumed that

19   the ALJ did not find any such conflict, contrary to plaintiff's assertion.  Accordingly, any such

20   affirmative duty of the ALJ to address the conflict as mandated by *Massachi* never arose in this

21   case.

22        Furthermore, even assuming the ALJ erred in not finding or addressing a conflict, the

23   Court finds that any such error was harmless.  Given the variety of evidence considered by the

24   ALJ in making its determination that plaintiff could perform past relevant work, any neglect of the

25   conflict issue is "inconsequential to the ultimate nondisability determination."  Thus, the Court

26   overrules plaintiff's objection as it relates to the determination that she is able to return to her past

27   relevant work, and therefore not "disabled" as defined by the Social Security Regulations.

28   *//*

**B.  Treating Physicians' Opinions**

Plaintiff asserts that the ALJ improperly gave her treating physicians' opinions of her limitations reduced weight, doing so without specific and legitimate reasons and based upon insubstantial evidence.  (Doc. 13 at 18-19, 22-23.)

An ALJ may reject opinions of treating physicians under certain circumstances.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Generally, a treating physician's opinion is controlling over a nontreating physician's opinion.  *See* 20 C.F.R. § 404.1527.  But, if the treating physician's opinion is contradicted by another physician, as is the case here, the ALJ may reject the treating physician's opinion if it provides "'specific and legitimate reasons' supported by substantial evidence in the record . . ." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  "The findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (stating that a nonexamining physician's opinion must be "supported by other evidence in the record and [be] consistent with it.") Furthermore, "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings . . ." *Batson*, 359 F.3d at 1195 (citations ommitted).

Magistrate Judge Porter found that "the ALJ provided specific and legitimate reasons based on substantial evidence for rejecting the opinion of Plaintiff's treating physicians in determining Plaintiff's RFC."  (R&R at 18.)  The ALJ gave greater weight to the opinions of other physicians, but did so because they were "'more consistent with the totality of the evidence, better supported by the medically acceptable diagnostic techniques,' and consistent with his assessment of Plaintiff's subjective complaints."  (R&R at 18 (quoting AR 24).)  Further, the ALJ "properly cited 15 legitimate and specific reasons why he gave little weight to the opinions of [the treating physicians]."  (R&R at 19; AR 22-24.)  Thus, Magistrate Judge Porter concluded that the ALR did not legally err in giving the treating physicians' less weight, and that this decision was supported by substantial evidence.  (R&R at 21.)

Plaintiff objects to this portion of the R&R on the basis that it "failed to address Plaintiff's

arguments that the physicians' conclusions cited by the ALJ did not constitute substantial evidence." (Pl. Obj. to R&R at v.)  Specifically, plaintiff contends that Magistrate Judge Porter merely recited the ALJ's reasons for rejecting the opinions.  Plaintiff asserts that this is not sufficient because "case law requires the Court to analyze the ALJ's decision regarding the opinions of treating physicians extensively." (*Id.* (citing *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007).)   The Court disagrees, finding that the R&R adequately and sufficiently evaluated the ALJ's decision and properly found that it was supported by "specific and legitimate reasons" and "substantial evidence."  By reiterating the ALJ's reasons behind crediting or discrediting the physicians' testimony, Magistrate Judge Porter illustrates the substantial evidence establishing the inconsistencies between the physicians' opinions and the various medical evaluations that guided the ALR's judgment.  The Court, therefore, overrules plaintiff's objection regarding this portion of the R&R.

**CONCLUSION**

Accordingly, for the reasons stated above, the Court hereby **ADOPTS** Magistrate Judge Porter's Report and Recommendation.  The Court therefore **DENIES** plaintiff's motion for summary judgment and **GRANTS** defendant's cross-motion for summary judgment.

**IT IS SO ORDERED.**

DATED:  September 22, 2009

Honorable Janis L. Sammartino
United States District Judge